IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MELISSA COX AND DENNIS FALCONBURG, ) ) ) ) Plaintiffs, ) ) v. ) ) ) FLYING J INC., ) ) Defendant. ) _____ ) | Case No. CV-05-406-S-BLW **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Plaintiff's Motion for Review of Taxation of Costs. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

Plaintiff Falconburg brought this action against Flying J for allegedly terminating Falconburg's employment in violation of Title VII. Falconburg alleged that Flying J demanded he sign a false statement regarding the sexual harassment of co-defendant, Melissa Cox, by a supervisor. Falconburg claims that he was fired for refusing to sign the false statement.

This Court granted Flying J's motion for summary judgment and awarded Flying J its costs as the prevailing party. Flying J filed a timely Bill of Costs in the

**Memorandum Decision and Order - 1**

amount of $2,197.08.

Falconburg filed an objection, claiming that the cost of Melissa Cox's original deposition, $1,129.90, should not have been included in the cost award. However, the Clerk granted the cost of the Melissa Cox's original deposition and filed a Taxation of Costs in the amount of $2,150.28. Falconburg then timely filed the pending motion for review of the Clerk's action. *See* Fed. R. Civ. P. 54(d)(1); D. Idaho L. Civ. R. 54.1(d).

Costs are generally allowed to the "prevailing party" as a matter of course. *See Idaho Potato Comm. v. G&T Terminal Packaging, Inc.*, 425 F.3d 708, 723 (9th Cir. 2005) (quoting Fed. R. Civ. P. 54(d)). Rule 54 creates a presumption in favor of awarding costs while at the same time grants discretion to the district court to deny costs. *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002).

The cost of a "stenographic transcript necessarily obtained for use in the case" is an element of costs authorized under 28 U.S.C. § 1920(2). This statutory provision applies to deposition costs. *Smith v. Hughes Aircraft Co.*, 22 F.3d 1432, 1439 (9th Cir. 1993).

The Court finds that Cox's deposition was necessarily obtained by Flying J for use in this case. Cox's testimony was crucial to Falconburg's claim and Flying J's defense. Even if she had not been a plaintiff in this case, Cox's deposition

**Memorandum Decision and Order - 2**

would need to be taken to give necessary background information.

For these reasons, the objection shall be denied.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Review of Taxation of Costs (Docket No. 46) is DENIED.

DATED:  **February 21, 2007**

Honorable B. Lynn Winmill
Chief U. S. District Judge